# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| DANNY D. IRICK, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV616-026 |
| | ) | CR608-001 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Twice before in *Irick v. United States*, CV608-099, Danny Irick unsuccessfully sought 28 U.S.C. § 2255 relief from his armed bank robbery and brandishing of a firearm convictions and his 304 month sentence. Docs. 47 & 56.[1] This case is his third such motion. Doc. 57. Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that it must be denied.

Irick argues that he:

> was erroneously sentenced as a career criminal, because his prior conviction for Burglary under S.C. Code of Laws Section 16-11-311, which has been struck down and declared unconstitutional in wake of *Johnson v. United States*, ___U.S. ___,135 S.Ct. 2551, 192

---

[1] All citations are to the criminal docket unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

L.Ed.2d 569 (2015) (holding that the residual clause of the ACCA was void for vagueness and therefore unconstitutional). Thereafter, the petitioner Mr. Irick's 304 month term of imprisonment is illegal and unconstitutional in wake of *Johnson*, and he must be resentenced, because he is actually innocent of the career offender enhancement.

Doc. 58 at 4-5.

"Before a second or successive [or third] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This Court "lacks jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, it "must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original)), *adopted*, 2012 WL 1119761 (S.D. Ga. Apr. 3, 2012).

Because this is Irick's third § 2255 motion, and he never sought permission from the court of appeals to file it, "this Court is not at

liberty to consider it." *Id.* Accordingly, it should be **DISMISSED** as successive.[2] Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

---

[2] Even if this were Irick's first § 2255 motion, it would still fail because the Court enhanced his sentence pursuant to the U.S. Sentencing Guidelines § 4B1.1, not the Armed Career Criminal Act (ACCA). *See* Presentence Investigation Report ¶ 29. *Johnson* only applies to the latter. *See United States v. Matchett*, 802 F.3d 1185, 1194 (11th Cir. 2015).

> By its terms, the decision of the Supreme Court in *Johnson* is limited to criminal statutes that define elements of a crime or fix punishments. The Supreme Court held that the residual clause of the Armed Career Criminal Act "violate[d] the Constitution's guarantee of due process," 135 S.Ct. at 2563, because it violated "[t]he prohibition of vagueness in criminal statutes," *id.* at 2556–57. It further explained that the vagueness doctrine "appl[ies] not only to statutes defining elements of crimes, but also to statutes fixing sentences." *Id.* at 2557. The Armed Career Criminal Act defines a crime and fixes a sentence, *see* 18 U.S.C. § 924(e), but the advisory guidelines do neither.
> . . .
> The vagueness doctrine, which "rest[s] on [a] lack of notice," *Maynard v. Cartwright*, 486 U.S. 356, 361, 108 S.Ct. 1853, 1857, 100 L.Ed.2d 372 (1988), does not apply to advisory guidelines. . . . 'Because there is no constitutional right to sentencing guidelines -- or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines -- the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague.' *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990).

*Id.* at 1194-95.

**SO REPORTED AND RECOMMENDED** this  16th  day of March, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA